IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| JOSHUA ADAM SCHULTZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TRANS UNION, LLC, et al. | : | Case No. 3:14-cv-00261-slc |

---

### GREAT LAKES HIGHER EDUCATION CORPORATION'S
### ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

---

Defendant Great Lakes Higher Education Corporation ("Great Lakes") [1] responds to Joshua Adam Schultz's Complaint ("Complaint") as follows:

### PRELIMINARY STATEMENT

1.  This is an action for damages brought by individual consumer, Joshua Adam Schultz, against Defendants for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.* and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (hereafter the "TCPA").

---

[1] Great Lakes does not have any direct role in or responsibility for servicing, guaranteeing, or otherwise managing or administering student loans.  Of particular note, Great Lakes does not engage in credit reporting or call borrowers to administer individual accounts.  Undersigned counsel spoke with Mr. Schultz's counsel and anticipates that Mr. Schultz will amend his Complaint.  In the interest of efficiency, and in anticipation of Mr. Schultz's amendment, Great Lakes answers Mr. Schultz's Complaint on behalf of itself and two of its Affiliates—Great Lakes Educational Loan Services, Inc. and Great Lakes Higher Education Guaranty Corporation (jointly "the Affiliates").  By answering for the Affiliates, Great Lakes is not taking responsibility for the acts of the Affiliates, which are separate and independent entities.  Further, Great Lakes is not admitting that either of the Affiliates has any connection to Mr. Schultz's allegations or any obligation to respond now or that Mr. Schultz should bring suit against either of the Affiliates.  Great Lakes is merely trying to efficiently and meaningfully answer Mr. Schultz's Complaint.

**ANSWER:**  Great Lakes and the Affiliates **ADMIT** that Mr. Schultz seeks damages against the Defendants for alleged FCRA and TCPA violations.  Mr. Schultz's allegations of FCRA and TCPA violations assert a legal conclusion not subject to admission or denial.  To the extent an answer is required, Great Lakes and the Affiliates **DENY** the allegations.  Great Lakes and the Affiliates **DENY** the allegations as related to Great Lakes' codefendants because they lack knowledge or information sufficient to form a belief about the allegations' truth.

## PARTIES

2.   Plaintiff Joshua Adam Schultz is an adult individual residing in Wheeler, Wisconsin.

**ANSWER:**  Great Lakes and the Affiliates **DENY** the allegations because they lack knowledge or information sufficient to form a belief about the allegations' truth.

3.   Defendant, Trans Union, LLC (hereafter "Trans Union"), is a business entity which regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

**ANSWER:**  Great Lakes and the Affiliates **DENY** the allegations because they lack knowledge or information sufficient to form a belief about the allegations' truth.

4.   Defendant, Experian Information Solutions, Inc., (hereafter "Experian") is a business entity which regularly conducts business in the Eastern

District of Pennsylvania and which has a principal place of business located at 5 Century Drive, Parsippany, New Jersey 07054.

**ANSWER:** Great Lakes and the Affiliates **DENY** the allegations because they lack knowledge or information sufficient to form a belief about the allegations' truth.

5. Defendant, Equifax Information Services, LLC (hereafter "Equifax") is a business entity which regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

**ANSWER:** Great Lakes and the Affiliates **DENY** the allegations because they lack knowledge or information sufficient to form a belief about the allegations' truth.

6. Defendant, Great Lakes Higher Education Corporation ("Great Lakes") is a business entity which regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 2401 International Ln., Madison, WI 53704.

**ANSWER:** Great Lakes and the Affiliates **ADMIT** that they are separate entities that each has its principal place of business at 2401 International Lane; Madison, WI 53704 and that each regularly and independently conducts business in the Western District of Wisconsin, where this case has been transferred.

## JURISDICTION & VENUE

7. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and § 1692 k(d) and 28 U.S.C. § 1331.

**ANSWER:** Great Lakes and the Affiliates **ADMIT** that the Western District of Wisconsin, where this case has been transferred, has jurisdiction under 15 U.S.C. § 1681p and § 1692 k(d) and 28 U.S.C. § 1331.

8. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**ANSWER:** Great Lakes and the Affiliates **ADMIT** that venue lies properly in the Western District of Wisconsin, where this case has been transferred.

## FACTUAL ALLEGATIONS

9. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") since at least March 2012 through the present.

**ANSWER:** Great Lakes and the Affiliates **DENY** the allegations. Great Lakes and the Affiliates **DENY** the allegations as related to Great Lakes' codefendants because they lack knowledge or information sufficient to form a belief about the allegations' truth.

10. The inaccurate information includes, but is not limited to, accounts with Integrity Solution Services, American Accounts Advisors, Inc., ACS-Collection Dept., ACS/SLFC/Goal Funding, GR LK HGH Ed Corp., Student Loan Finance Corp., and Univ of WI RiverFLS Foundat, and personal information that does not belong to Plaintiff.

**ANSWER:** Great Lakes and the Affiliates **DENY** the allegations. Great Lakes and the Affiliates **DENY** the allegations as related to Great Lakes'

codefendants because they lack knowledge or information sufficient to form a belief about the allegations' truth.

  11. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.  The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, and that actually belong to another consumer. Due to Defendants' faulty procedures, Defendants mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

  **ANSWER:** Great Lakes and the Affiliates **DENY** the allegations.  Great Lakes and the Affiliates **DENY** the allegations as related to Great Lakes' codefendants because they lack knowledge or information sufficient to form a belief about the allegations' truth.

  12. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

  **ANSWER:** Great Lakes and the Affiliates **DENY** the allegations.  Great Lakes and the Affiliates **DENY** the allegations as related to Great Lakes' codefendants because they lack knowledge or information sufficient to form a belief about the allegations' truth.

13. Plaintiff has disputed the inaccurate information with Defendants by following Trans Union, Equifax and Experian's established procedures for disputing consumer credit information.

**ANSWER:** Great Lakes and the Affiliates **DENY** the allegations. Great Lakes and the Affiliates **DENY** the allegations as related to Great Lakes' codefendants because they lack knowledge or information sufficient to form a belief about the allegations' truth.

14. Plaintiff has disputed the inaccurate information with Trans Union, Equifax and Experian from at least March 2012 through the present.

**ANSWER:** Great Lakes and the Affiliates **DENY** the allegations because they lack knowledge or information sufficient to form a belief about the allegations' truth.

15. Notwithstanding Plaintiff's efforts, Trans Union, Equifax and Experian have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Trans Union, Equifax and Experian continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Trans Union, Equifax and Experian repeatedly published and disseminated consumer reports to such third parties from at least March 2012 through the present.

**ANSWER:** Great Lakes and the Affiliates **DENY** the allegations because they lack knowledge or information sufficient to form a belief about the allegations' truth.

16. Despite Plaintiff's efforts, Trans Union, Equifax, and Experian have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

**ANSWER:** Great Lakes and the Affiliates **DENY** the allegations because they lack knowledge or information sufficient to form a belief about the allegations' truth.

17. Notwithstanding Plaintiff's disputes, Great Lakes has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

**ANSWER:** Great Lakes and the Affiliates **DENY** the allegations.

18. Despite Plaintiff's exhaustive efforts to date, Defendants nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the

disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

**ANSWER:** The allegations assert a legal conclusion not subject to admission or denial. To the extent an answer is required, Great Lakes and the Affiliates **DENY** the allegations. Great Lakes and the Affiliates **DENY** the allegations as related to Great Lakes' codefendants because they lack knowledge or information sufficient to form a belief about the allegations' truth.

19. Notwithstanding the above, in or around October 2010, Defendant Great Lakes began contacting Plaintiff on Plaintiff's cellular telephone in an attempt to collect payments for student loans belong to Joshua Allen Schultz. Defendant has been calling Plaintiff's cellular telephone number using artificial and/or prerecorded voice technology to coerce payment, with the intent to annoy, abuse, or harass Plaintiff.

**ANSWER:** Great Lakes and the Affiliates **DENY** the allegations. Great Lakes does not contact any borrowers about specific account information. The Affiliates do not contact any borrowers with the intent to annoy, abuse, or harass. Great Lakes and the Affiliates **DENY** that Mr. Schultz's cellular telephone number was called in part because, since Mr. Schultz does not provide his cellular telephone number, they lack knowledge or information sufficient to form a belief about whether Mr. Schultz's cellular telephone number was called.

20. Notwithstanding the above, Defendant Great Lakes continued contacting Plaintiff numerous times from October 2010 through April 2013 by

placing calls to his cellular telephone with the intent to annoy, abuse and harass Plaintiff.

**ANSWER:** Great Lakes and the Affiliates **DENY** the allegations. Great Lakes does not contact any borrowers about specific account information. The Affiliates do not contact any borrowers with the intent to annoy, abuse, or harass. Great Lakes and the Affiliates **DENY** that Mr. Schultz's cellular telephone number was called in part because, since Mr. Schultz does not provide his cellular telephone number, they lack knowledge or information sufficient to form a belief about whether Mr. Schultz's cellular telephone number was called.

21.     Defendant Great Lakes knew or should have known that their actions violated the TCPA. Additionally, Defendant Great Lakes could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

**ANSWER:** Great Lakes and the Affiliates **ADMIT** that they could have—and indeed did—take steps to understand and comply with the TCPA. Great Lakes and the Affiliates **DENY** that they knew or should have known that actions violated the TCPA and **DENY** that they neglected to take steps to comply with the TCPA.

22.     Plaintiff's credit reports and file have been obtained from Trans Union, Equifax and Experian and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit

offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

**ANSWER:** Great Lakes and the Affiliates **DENY** the allegations because they lack knowledge or information sufficient to form a belief about the allegations' truth.

23. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

**ANSWER:** Great Lakes and the Affiliates **DENY** that they caused Mr. Schultz damages. Great Lakes and the Affiliates **DENY** the allegations as related to Great Lakes' codefendants because they lack knowledge or information sufficient to form a belief about the allegations' truth.

24. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

**ANSWER:** The allegations assert a legal conclusion not subject to admission or denial. To the extent an answer is required, Great Lakes and the Affiliates **DENY** the allegations. Great Lakes and the Affiliates **DENY** the allegations as related to Great Lakes' codefendants because they lack knowledge or information sufficient to form a belief about the allegations' truth.

25. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

**ANSWER:** The allegations assert a legal conclusion not subject to admission or denial. To the extent an answer is required, Great Lakes and the Affiliates **DENY** the allegations. Great Lakes and the Affiliates **DENY** the allegations as related to Great Lakes' codefendants because they lack knowledge or information sufficient to form a belief about the allegations' truth.

### COUNT I – TRANS UNION, EQUIFAX AND EXPERIAN VIOLATIONS OF THE FCRA

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:** Great Lakes incorporates all its above answers.

27. At all times pertinent hereto, Defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

**ANSWER:** The allegations assert a legal conclusion directed at other parties, which is not subject to admission or denial by Great Lakes or the Affiliates. To the extent an answer is required, Great Lakes and the Affiliates **ADMIT** that they are "persons" as defined by 15 U.S.C. § 1681a(b) but **DENY** that they are "consumer reporting agencies" as defined by 15 U.S.C. § 1681a(f). Great Lakes and the Affiliates **DENY** the allegations as related to Great Lakes' codefendants

because they lack knowledge or information sufficient to form a belief about the allegations' truth.

28. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:** The allegations assert a legal conclusion directed at other parties, which is not subject to admission or denial by Great Lakes or the Affiliates. To the extent an answer is required, Great Lakes and the Affiliates **ADMIT** that Mr. Schultz was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

29. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**ANSWER:** The allegations assert a legal conclusion directed at other parties, which is not subject to admission or denial by Great Lakes or the Affiliates. To the extent an answer is required, Great Lakes and the Affiliates **DENY** the allegations because they lack knowledge or information sufficient to form a belief about the allegations' truth.

30. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

**ANSWER:** The allegations assert a legal conclusion directed at other parties, which is not subject to admission or denial by Great Lakes or the Affiliates. To the extent an answer is required, Great Lakes and the Affiliates **DENY** the

allegations. Great Lakes and the Affiliates **DENY** the allegations as related to Great Lakes' codefendants because they lack knowledge or information sufficient to form a belief about the allegations' truth.

31. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

**ANSWER:** The allegations assert a legal conclusion directed at other parties, which is not subject to admission or denial by Great Lakes or the Affiliates. To the extent an answer is required, Great Lakes and the Affiliates **DENY** the allegations. Great Lakes and the Affiliates **DENY** the allegations as related to Great Lakes' codefendants because they lack knowledge or information sufficient to form a belief about the allegations' truth.

## COUNT II – GREAT LAKES
## VIOLATIONS OF THE FCRA

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:** Great Lakes incorporates all its above answers.

33. At all times pertinent hereto Great Lakes was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

**ANSWER:** The allegations assert a legal conclusion for which no response is required. To the extent an answer is required, Great Lakes and the Affiliates **ADMIT** that they were "persons" as that term is defined by 15 U.S.C. § 1681a(b).

34. Great Lakes violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

**ANSWER:** The allegations assert a legal conclusion for which no response is required. To the extent an answer is required, Great Lakes and the Affiliates **DENY** the allegations.

35. Great Lakes' conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Great Lakes is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

**ANSWER:** The allegations assert a legal conclusion for which no response is required. To the extent an answer is required, Great Lakes and the Affiliates **DENY** the allegations.

## COUNT III – GREAT LAKES
## VIOLATIONS OF THE TCPA

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:** Great Lakes incorporates all its above answers.

37. At all times relevant hereto, Great Lakes used, controlled and/or operated "automatic telephone dialing systems" as defined by §227(a)(1) of the TCPA.

**ANSWER:** The allegations assert a legal conclusion for which no response is required. To the extent an answer is required, Great Lakes and the Affiliates **DENY** the allegations.

38. Defendant initiated multiple calls to Plaintiff's telephone line using artificial and or prerecorded voices to deliver messages without express consent of Plaintiff in violation of 47 U.S.C. §§ 227(b)(1)(A)(3) of the TCPA.

**ANSWER:** The allegations assert a legal conclusion for which no response is required. To the extent an answer is required, Great Lakes and the Affiliates **DENY** the allegations. Great Lakes and the Affiliates **DENY** the allegations that calls were placed to Mr. Schultz's telephone line in part because, since Mr. Schultz does not provide his telephone number, they lack knowledge or information sufficient to form a belief about whether Mr. Schultz's telephone line was called.

39. The acts and/or omissions of Defendant was done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent from bona fide error, lawful right, legal defense, legal justification, or legal excuse.

**ANSWER:** The allegations assert a legal conclusion for which no response is required. To the extent an answer is required, Great Lakes and the Affiliates **DENY** the allegations.

40. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages, and treble damages.

**ANSWER:** The allegations assert a legal conclusion for which no response is required. To the extent an answer is required, Great Lakes and the Affiliates **DENY** the allegations.

41. Plaintiff demands trial by jury on all issues so triable.

**ANSWER:** Great Lakes and the Affiliates **ADMIT** that Mr. Schultz is making the jury-trial demand he says he is.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

**ANSWER:** Great Lakes and the Affiliates **ADMIT** that Mr. Schultz is seeking the relief he claims. Great Lakes and the Affiliates **DENY** that Mr. Schultz is entitled to any relief from them.

## **AFFIRMATIVE DEFENSES**

Great Lakes and the Affiliates submit the following affirmative and other defenses without conceding that such defenses are actually affirmative defenses or that they have the burdens of persuasion or proof:

1. Mr. Schultz fails to state a claim upon which relief may be granted.

2. Mr. Schultz fails to state facts sufficient to constitute a claim for relief.

3. Mr. Schultz's claims are barred by applicable statutes of limitation or repose.

4. Mr. Schultz fails to plead his claims with sufficient particularity.

5. Mr. Schultz fails to allege any basis for holding Great Lakes or the Affiliates vicariously liable for the alleged violations of which he complains.

6. Mr. Schultz experienced no damages related to his claims.

7. To the extent Mr. Schultz experienced damages, the damages were caused by an independent intervening cause not attributable to Great Lakes or the Affiliates.

8. To the extent Mr. Schultz experienced damages, he caused or contributed to the damages through his own negligence or wrongdoing, in an amount that equals or exceeds any negligence or wrongdoing by Great Lakes or the Affiliates.

9. To the extent Mr. Schultz experienced damages, he failed to mitigate them.

10. Mr. Schultz's claims are barred in whole or part by the equitable doctrines of estoppel, unclean hands, and waiver.

11. Mr. Schultz gave consent under the TCPA for any calls Great Lakes or the Affiliates made to him.

12. Great Lakes and the Affiliates had a good faith belief that Mr. Schultz gave consent under the TCPA for any calls they made to him.

13. Great Lakes and the Affiliates are entitled to attorneys' fees, costs, and disbursements they incur defending against Mr. Schultz's allegations against them.

14. Great Lakes and the Affiliates reserve the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Great Lakes and the Affiliates deny that Mr. Schultz is entitled to relief and respectfully requests the following:

1. Dismissal of Mr. Schultz's Complaint on the merits and with prejudice;

2. An award of any attorneys' fees, costs, and disbursements that Great Lakes or the Affiliates incur defending against Mr. Schultz's allegations against them;

3. Any other relief this Court deems just and equitable.

DATE: April 28, 2014

> FOR GREAT LAKES HIGHER
> EDUCATION CORPORATION:
> s/ Rebecca Rapp St. John
> Rebecca Rapp St. John,
> Wisconsin Bar No. 1053771
> Deputy General Counsel
> Great Lakes Higher Education Corporation
> 2401 International Lane
> Madison, WI 53704-3192
> Telephone: (608)246-1496
> Fax: (608)246-1481
> E-mail: rstjohn@glhec.org