IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| JOSHUA ADAM SCHULTZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TRANS UNION, LLC, et al. | : | Case No. 3:14-cv-00261-slc |

## PROTECTIVE ORDER

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties request entry of this Protective Order to limit the disclosure, dissemination, and use of confidential and proprietary information.

For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the parties' request and hereby ORDERS the following:

**1. Scope.** All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (collectively "Documents") are subject to this Protective Order. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Protective Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

**2. Definition of Confidential Information.** As used in this Protective Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially harm the disclosing party or nonparties. For purposes of this Protective Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents: proprietary business records, financial statements and records, student loan records, and documents containing personal identifying information or other sensitive personal information. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Protective Order by marking or placing the words "CONFIDENTIAL" ("Confidential Designation") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Protective Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain Confidential Information. The Confidential Designation shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Protective Order. Copies that are made of any designated documents must also bear the Confidential Designation to be covered by this Protective Order, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked with the Confidential Designation. By marking a designated document as confidential, the designating attorney or party certifies that the document contains Confidential Information.

4. **Inadvertent Failure to Designate.** Inadvertent failure to mark any document with the Confidential Designation will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Protective Order, so long as a claim of confidentiality is asserted within 10 days after discovery of the inadvertent failure.

5. **Depositions**. Deposition testimony will be deemed confidential only if

designated as such when the deposition is taken or within 10 days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

**6. Protection of Confidential Material.**

**(a) General Protections.** Designated Confidential Information shall be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any Appeals or any other related legal proceeding brought by one of the parties to this litigation.

**(b) Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only be disclosed to the following persons:

(1) The parties to this litigation, including any employees, agents, and representatives of the parties;

(2) Counsel for the parties and employees and agents of counsel;

(3) The court and court personnel, including any special master appointed by the court, and members of the jury;

(4) Court reporters, recorders, and videographers engaged for depositions;

(5) Any mediator appointed by the court or jointly selected by the parties;

(6) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential

4

    documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have been advised of the confidential nature of the documents and been asked to complete the certification contained in Attachment A;

(8) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)** **Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents with the Confidential Designation pursuant to the terms of this Protective Order.

**7.** **Filing of Confidential Information**. In the event a party seeks to file any document containing Confidential Information subject to protection under this Protective Order with the Court, the filing party shall file a redacted version of the document and inform the producing party that redacted version of the document has been filed. The producing party shall be responsible to move to file the document under seal after the filing is completed

 Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.

**8. Challenges to a Confidential Designation.** The marking of any material or document with the Confidential Designation is subject to challenge by any party. Before filing any motion or objection to a Confidential Designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a Confidential Designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a Confidentiality Designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must treat the materials as Confidential Information under the terms of this Protective Order.

**9. Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Protective Order will be construed to affect the use of any document, material, or information at any trial or hearing or a party's ability to seek a supplemental protective order governing the use of confidential documents or information at trial or hearing.

**10. Legal Privileges and Protections.**

**(a) Legal Privileges and Privacy Protections.** Nothing in this Protective Order shall be construed to modify or override existing legal privileges or protections, including the Attorney Work Product and Attorney Client privileges, or to require parties to disclose documents or information in violation of state or federal law, including the Family Educational Rights and Privacy Act, 20 USC § 1232g.

**(b) Legal Privilege and Privacy Protection Log.** A party claiming that otherwise discoverable documents are privileged or that that disclosure would

6

violate state or federal law shall provide the receiving party a log describing such documents' title and contents with reasonable specificity.

**(c)  Disagreement about Legal Privilege.**  In the event that the receiving attorney believes in good faith that the producing party cannot properly assert any privilege, immunity, or other legal basis for non-disclosure with respect to the documents, the receiving attorney must notify the designating attorney in writing.  If the parties are unable to agree regarding whether the documents are privileged or otherwise legally-protected, the receiving attorney may file a motion to establish that the material is not privileged or legally-protected.  The producing party shall have the burden of establishing that the documents are privileged or legally protected.

**(d)  Judicial Order Required for Disclosure.**  In the event that legally-protected documents may be disclosed pursuant to a court order, the producing and receiving party shall jointly move for such an order.  Legally-protected documents produced pursuant to a court order shall be treated as Confidential Documents and covered by this Protective Order, regardless of whether specifically designated as such in the production order or when disclosed.

**11.  Inadvertent Disclosure of Privileged Materials.**  Any discovery documents produced in this litigation may be later designated as "Attorney Client Privileged," "Attorney Work Product," or "Legally Protected" promptly upon discovery by the producing party that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver of privilege or immunity shall be deemed to have occurred.  Upon such designation, the receiving attorney shall promptly make best efforts to collect all copies of the documents and return them to the

7

producing party. In the event that the receiving attorney believes in good faith that the producing party cannot properly assert any privilege or immunity with respect to the documents, the receiving attorney must notify the designating attorney in writing. If the parties are unable to agree regarding whether the documents are privileged or otherwise legally-protected, the receiving attorney may file a motion to establish that the material is not privileged or legally-protected. The producing party shall have the burden of establishing that the documents are privileged or legally protected.

**12. Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Protective Order will remain in effect and continue to be binding after conclusion of the litigation.

**(b) Return of Confidential Documents.** Within 60 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be destroyed and the party who destroyed the document must so certify to the party that previously produced the Confidential Information. The receiving party is not required to locate, isolate, and destroy e-mails (including attachments) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

**(c) Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential

8

Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Protective Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

13. **Order Subject to Modification**. This Protective Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. This Protective Order shall not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

14. **No Prior Judicial Determination.** This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Protective Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

15. **Persons Bound by Protective Order.** This Protective Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to it by its terms.

16. **Jurisdiction.** The Court's jurisdiction to enforce the provisions of this Protective Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this

9

Protective Order.

DATE : June \_\_\_, 2014

**SO ORDERED:**

_____

Magistrate Judge Stephen L. Crocker

**ATTACHMENT A**

**ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order in the case captioned, *Joshua A. Schultz v. Trans Union, LLC et al.*, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of Wisconsin in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____     _____
                         Signature